UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:15-cv-20876-RNS

JOAQUIN F. BADIAS, individually, and
on behalf of all others similarly situated,

      Plaintiff,

vs.

LUMBER LIQUIDATORS, INC.,
a Delaware Corporation,
LUMBER LIQUIDATORS LEASING, LLC,
a Delaware Limited Liability Corporation,
LUMBER LIQUIDATORS HOLDINGS, INC.;
a Delaware Corporation,
LUMBER LIQUIDATORS SERVICES, LLC,
a Delaware Limited Liability Corporation,

      Defendants.
_____/

## AMENDED CLASS ACTION COMPLAINT

      Plaintiff, Joaquin F. Badias, on behalf of himself and all other similarly situated nationwide, hereby files this Amended Class Action Complaint to comply with the Court's March 4, 2015 Order[1] [D.E.4], against Defendants, Lumber Liquidators, Inc. a Delaware corporation ("Lumber Liquidators"), Lumber Liquidators Leasing, LLC, a Delaware limited liability corporation ("Lumber Liquidators Leasing"), Lumber Liquidators Holdings, Inc., a Delaware corporation ("Lumber Liquidators Holdings") and Lumber Liquidators Services, LLC, a Delaware limited liability corporation ("Lumber Liquidators Services") (collectively referred to as

---

[1] Revised paragraphs 2, 3, 4 and 5 below, make clearer the existence of diversity of citizenship under 28 U.S.C. §1332(c)(1).

"Defendants") for the purchase of Chinese wood veneer flooring containing toxic levels of formaldehyde, a known carcinogen. In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff, Joaquin F. Badias, is a resident of Miami-Dade County, Florida who in November and December 2013 purchased from a Lumber Liquidators outlet at 8785 SW 133rd Street, in Miami-Dade County, approximately 500 square feet of St. James Collection by Dream Home laminate wood veneer flooring manufactured in China that contains toxic levels of formaldehyde, a known carcinogen (hereinafter referred to as the "Toxic Laminate Flooring"). A copy of Plaintiff's invoice for the Toxic Laminate Flooring is attached to the original complaint as Exhibit "A'.

2. Defendant, Lumber Liquidators, Inc., is incorporated in Delaware and has its principal place of business in Virginia.

3. Defendant, Lumber Liquidators Leasing, LLC, is incorporated in Delaware and has its principal place of business in Virginia.

4. Defendant, Lumber Liquidators Holdings, Inc., is incorporated in Delaware and has its principal place of business in Virginia.

5. Defendant, Lumber Liquidators Services, LLC, is incorporated in Delaware and has its principal place of business in Virginia.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of Plaintiff class is a citizen of Florida and Defendants are citizens of Delaware and Virginia, there are certainly 100 or more class members, and the aggregate amount in controversy will exceed $5,000,000.

7.      The Court has personal jurisdiction over Defendants because a substantial portion of the alleged wrongdoing occurred in Florida. Defendants also have sufficient minimum contacts with Florida and have otherwise intentionally availed themselves of the markets in Florida through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

9.      Defendants have manufactured, labeled and sold, during the Class Period, the Toxic Laminate Flooring as being compliant with "CARB regulations in the State of California." CARB is an acronym for California Air Resources Board, an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California.

10.     Defendants' laminate wood flooring is not what it purports to be. The laminated floor wood contains a dangerous level of formaldehyde gas which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Control Act, 15 U.S.C. 2601, *et. seq.* (Title VI- Formaldehyde Standards of Composite Wood Products) and is hazardous to human health.

11.     Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems.  The risk of these health problems is significantly greater for children.

12.     Formaldehyde is the sort of toxic substance to which people may be exposed without knowing they are at risk. Day after day, week after week, month after month, Plaintiff lives in his home, an enclosed place, where his flooring is emitting toxic cancer causing fumes.

13.     As such, the Toxic Wood Flooring Defendants sold Plaintiff and other customers poses great health risks.

14.     Defendants' marketing materials for the Toxic Laminate Flooring contain false and misleading information relating to compliance with California standards and designed to increase sales of the products at issue.

15.     Defendants deceptively manufactured, labeled, and sold the Toxic Laminate Flooring. The Toxic Laminate Flooring, having no monetary value, is worthless.

16.     Plaintiff and the Class have been damaged by Defendants' dangerous and deceptive Toxic Laminate Flooring. Plaintiff and the Class are entitled to a return of the full purchase price paid for Toxic Laminate Flooring and other damages to be proven at trial.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action as a class action pursuant to the Federal Rule of Civil Procedure 23 on behalf of the following class:

> All persons who purchased from Defendants laminated wood flooring in the United States that contains formaldehyde emissions that exceed the CARB California emissions standards, in the last three years, or depending upon discovery, an earlier date. (the "Class").

Collectively, all these persons will be referred to as "Plaintiffs" or "Plaintiff Class."

18.     Excluded from the Plaintiff Class are:

   A.     Defendants and any entities in which Defendants has a controlling interest;

   B.     Any entities in which Defendants' officers, directors, or employees are

    employed and any of the legal representatives, heirs, successors or assigns of Defendants;

   C. The Judge to whom this case is assigned and any member of the Judge's immediate family;

   D. All persons or entities that properly execute and timely file a request for exclusion from the Class.

19. Plaintiff reserves the right to modify the Class definitions after discovery and at any time up to and including trial.

20. The action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a)(1-4) and (b)(1).

21. The Class is so numerous that the individual joinder of all its members, in this or any action, is impracticable. The exact number or identification of the Class members is presently unknown to Plaintiff, but it is believed that Class members number at least in the thousands. The identity of Class members is ascertainable. Class members' number may be informed of the pendency of this Class action by a combination of direct mail and public notice, or other means.

22. Common question of fact and law exist as to all members of the Class, which predominate over questions affecting only individual members of the Class.  These include, but are not limited to the following:

   a. Whether Defendants engaged in unlawful, unfair or deceptive business practices by failing to properly label its products it sold to consumers;

b.  Whether the products at issue were mislabeled as a matter of law and violated California CARB emissions standards and Formaldehyde Standards of Composite Wood Products in the Toxic Substances Control Act, 15 U.S.C. 2601, *et. seq.*;

c.  Whether Defendants made unlawful and misleading toxicity representations and warranties with respect to its products sold to consumers;

d.  Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, *et. seq.*);

e.  Whether Defendants breached its implied warranty of merchantability;

f.  Whether Defendants breached its express warranties;

g.  Whether Defendants were negligent in its labeling and advertising of the Toxic Laminate Flooring;

h.  Whether Defendants unlawfully sold the Toxic Laminate Flooring in violation of the laws of Florida;

i.  Whether Defendants' unlawful, unfair and deceptive practices harmed Plaintiff and the Class;

j.  Whether Plaintiff and the Class have been damaged by the unlawful actions of the Defendants and the amount of damages to the Class;

k.  Whether Defendants were unjustly enriched by its deceptive practices;

l.  Whether punitive damages should be awarded; and

m.  Whether Defendants should be enjoined from continuing the conduct complained of herein.

23. Plaintiff's claims are typical of the claims of the members of each Class because Plaintiff bought Defendants' Toxic Laminate Flooring during the Class Period. Plaintiffs are asserting the same rights, making the same claims, and seeking the same relief for themselves and for all other class members. Defendants' unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and each Class Member sustained similar injuries arising out of Defendants' conduct in violation of Florida law.

24. The injuries of each member of each Class were caused directly by Defendants' wrongful conduct. The factual underpinning of Defendants' misconduct is common to all Class members of each class and represents a common thread of misconduct resulting in injury to all members of each Class. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of each member of the Class and are based on the same legal theories.

25. Plaintiff is an adequate representative of the Plaintiff Class because Plaintiff is a member of the Plaintiff Class and Plaintiff's interests do not conflict with the interests of the members of the Class that Plaintiff seeks to represent. Plaintiff is represented by experienced and able counsel who have litigated numerous class actions, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of the entire Plaintiff Class. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of the members of the Plaintiff Class.

26. The class action is the best available method for the efficient adjudication of this litigation because individual litigation of the Plaintiff Class claims would be impractical and individual litigation would be unduly burdensome to the courts. Individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale,

and comprehensive supervision by a single court. As the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of Florida's Deceptive and Unfair Trade Practices Act
Fla. Stat. §§ 501.201, *et seq*.)**

27.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 above.

28.     Defendants' conduct constitutes unlawful deceptive and unconscionable trade practices. Defendants' conduct was consumer-oriented and this conduct had broad impact on consumers at large. Defendants engaged in false, misleading and unlawful advertising, marketing and labeling of Defendants' Toxic Laminate Flooring. Defendants' manufacture, distribution and sale of Defendants' Toxic Laminate Flooring were similarly unlawful.

29.     Defendants unlawfully sold Defendants' Toxic Laminate Flooring in Florida during the Class Period.

30.     As fully alleged above, by advertising, marketing, distributing and selling mislabeled Toxic Laminate Flooring to Plaintiff and other members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida, Defendants engaged in, and continue to engage in, unlawful deceptive and unconscionable trade practices.

31. Defendants' misleading marketing, advertising, packaging and labeling of Defendants' Toxic Laminate Flooring was likely to deceive reasonable consumers.

32. Plaintiff and other members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida were deceived.

33. Defendants have engaged in unlawful deceptive and unconscionable trade practices.

34. Plaintiff and other members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida were injured by Defendants' unlawful deceptive and unconscionable trade practices.

35. Defendants sold to Plaintiff and the members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida, a product that had no economic value. Defendants' violation of Fla. Stat. § 501.201, *et. seq.* remains ongoing.

36. As a direct and proximate cause of Defendants' violation of Fla. Stat. § 501.201, *et. seq.*, Plaintiff and the members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida were injured when they paid for these illegal and worthless products. Plaintiff and the members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida have been damaged in an amount to be determined at trial.

37. As a result of Defendants' unlawful deceptive and unconscionable trade practices, Plaintiff and the members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida, pursuant to Fla. Stat. § 501.201, *et. seq.*, are entitled to damages and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff and the members of the Class who purchased Defendants' Toxic Laminate Flooring in Florida any money paid for Defendants' Toxic Laminate Flooring.

38. The conduct described above constitutes unfair or deceptive trade practices predominately and substantially affecting the conduct of trade or commerce throughout the United States in violation of the Florida Deceptive and Unfair Trade Practice Act, Fla. Stat. § 501.201, *et. seq.*, and other similar state statutes prohibiting unfair and deceptive acts and practices (collectively "DUTPA").

39. The Defendants' deceptive trade practices are the proximate cause of the Plaintiff and the members of the class having suffered damages in an amount to be proven at trial.

40. Defendants' conduct complained of herein renders it liable under the other states' DUTPAs for damages for the consequences of such conduct.

41. Defendants' actions were willful, wanton, malicious, and in total disregard for the rights of the Plaintiff and Class Members. Defendants knew or should have known, in light of the surrounding circumstances that their conduct in violation of states' Deceptive and Unfair Trade Practices Acts would naturally and probably result in damages to Plaintiff and Class Members. Defendants continued its wrongful conduct with malice or in reckless disregard of the consequences, from which malice may be inferred. Further, Defendants intentionally pursued its course of conduct for the purpose of causing Plaintiff and Class Members damages. Punitive damages should be awarded to deter the actions of Defendants and others who might engage in similar action or conduct.

42. Plaintiff and Class Members are entitled to any and all penalties and/or multipliers of damages as may be provided for in the states' DUTPAs.

43. Plaintiff and Class Members are entitled to an injunction enjoining the Defendants from further deceptive and unfair trade practices in connection with the sale of the Mislabeled Products.

44. Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees, costs of this action, plus pre and post judgment interest as may be allowed by law.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

45. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 above.

46. As a result of Defendants' unlawful and deceptive actions described above, Defendants was enriched at the expense of Plaintiff and the Class through the payment of the purchase price for the Toxic Laminate Flooring.

47. Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from the Plaintiff and the Class, in light of the fact that the Toxic Laminate Flooring purchased by Plaintiff and the Class were illegal products and were not what Defendants represented them to be. Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to the Plaintiff and the Class for the monies paid to Defendants for the Toxic Laminate Flooring.

## THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

48. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 above.

49. Implied in the purchase of the Toxic Laminate Flooring by Plaintiff and the Class is the warranty that the purchased products are legal and can be lawfully sold and possessed.

50. Defendants reasonably knew or should have known those Toxic Laminate Flooring were unlawful for sale pursuant to The Toxic Substance Control Act, 15 U.S.C, 2601, *et. seq.*.

51.     When Defendants sold these products they impliedly warranted that the products were legal and could be lawfully possessed and/or sold and therefore, merchantable.

52.     No reasonable consumer would knowingly purchase a product that is illegal to own or possess.

53.     The purchased Toxic Laminate Flooring is unfit for the ordinary purpose for which it was intended.

54.     In fact, this Toxic Laminate Flooring is illegal, mislabeled, and economically worthless.

55.     As a result, Plaintiff and the Class were injured through their purchase of unsuitable, useless, illegal and unsellable products.

56.     By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for Toxic Laminate Flooring.

**FOURTH CAUSE OF ACTION**
**(Breach of Express Warranty)**

57.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 above.

58.     Defendants' representations of fact and/or promises on the labels relating to their Toxic Laminate Flooring created express written warranties that the product would conform to Defendants' representation of fact and/or promises.

59.     The Defendants' description on the labeling of their Toxic Laminate Flooring that it complied with CARB and California emissions regulations became part of the basis of the bargain, creating express written warranties that the product purchased by Plaintiff and the other Class Members would conform to Defendants' description and specification. The Toxic Laminate Flooring purchased by Plaintiff did not so conform.

60. Defendants provided warranties that its Toxic Laminate Flooring were labeled in compliance with state law and were not mislabeled under state law. Defendants breached these express written warranties.

61. As a result of the foregoing, Plaintiff and the other Class Members have suffered damages, in that the value of the product they purchased was less than warranted by Defendants.

62. Defendants engaged in a scheme of offering the Toxic Laminate Flooring for sale to Plaintiff and members of the Class by way of, inter alia, false and misleading product packaging and labeling.

63. Plaintiff and the Class were the intended beneficiaries of such representations and warranties.

64. Plaintiff asserts this cause of action for violations of Florida law pertaining to express warranties. Plaintiff and the Class were injured as a result of Defendants' breach of their express warranties about the Toxic Laminate Flooring. Plaintiff and the Class are entitled to damages arising from the breach of warranty.

**FIFTH CAUSE OF ACTION**
**(Negligence)**

65. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 above.

66. In making representations of fact to Plaintiff and the other Class members about their Toxic Laminate Flooring, Defendants failed to lawfully label or advertise their Toxic Laminate Flooring and violated their duties to disclose the material facts alleged above. Among the direct and proximate causes of said failure to disclose were the negligence and carelessness of Defendants.

67.     Plaintiff and the other Class members, as a direct and proximate cause of Defendants' breaches of their duties, reasonably relied upon such representations to their detriment. By reason thereof, Plaintiff and the other Class members have suffered damages.

68.     As described above, Defendants' actions violated Florida and Federal law designed to protect Plaintiff and the Class. Defendants' illegal actions constitute negligence per se. Moreover, misbranding provisions violated by Defendants are strict liability provisions.

69.     As alleged above, Plaintiff and the Class were injured by Defendants' unlawful actions and are entitled to recover an amount to be determined at trial due to the injuries and loss they suffered as a result of Defendants' negligence.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for judgment against Defendants as follows:

A.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, and finding that Plaintiff is a proper representative of the Class;

B.  Actual and/or compensatory damages and/or the recovery of civil penalties as provided by Fla. Stat. § 501.2075 and/or an award equal to the amount by which the Defendants have been unjustly enriched;

C.  An order awarding pre-judgment and post-judgment interest;

D.  The costs of this proceeding and attorneys' fees, as provided by Fla. Stat. § 501.2105;

E.   Punitive damages in an appropriate amount;

F.   An order permanently enjoining Defendants from continuing their unfair and/or deceptive conduct; and

G.   Any further compensatory, injunctive, equitable or declaratory relief including refunds as may be just and proper.

## CERTIFICATE OF SERVICE

We hereby certify that, on March 5, 2015 we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

Respectfully submitted,

 /s/ Theodore Babbitt
Theodore Babbitt
Fla. Bar No. 091146
**Babbitt & Johnson, P.A.**
1641 Worthington Road
Suite 100 (33049)
P.O. Box 4426
West Palm Beach, FL 33402-4426
T: (561)684-2500
F: (561) 684-6308

tedbabbitt@babbitt-johnson.com

 /s/ Ronald P. Weil
Ronald P. Weil
Fla. Bar No. 169966
Ronald@wqmlaw.net
John M. Quaranta
Fla. Bar No. 940641
John@wqmlaw.net
Wendi L. Ribaudo
Fla. Bar No. 091976
Wribaudo@wqmlaw.net

**WEIL QUARANTA, P.A.**
200 South Biscayne Boulevard
Southeast Financial Center, Suite 900
Miami, Florida 33131
T: (305) 372-5352
F: (305) 372-5355

*Attorneys for Plaintiff*